ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| JOSÉ A. RIVERA VARGAS<br><br>APELANTE<br><br>v.<br><br>UNIVERSIDAD DE PUERTO RICO<br><br>APELADA | TA2025AP00591 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm. SJ2023CV08425<br><br>Sobre: Hostigamiento sexual en el empleo, Discrimen en el empleo |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Ronda Del Toro y la Juez Lotti Rodríguez.

Lotti Rodríguez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 23 de enero de 2026.

Comparece el señor José A. Rivera Vargas (en adelante, señor Rivera Vargas o apelante) mediante un *Recurso de Apelación* y nos solicita que revisemos la *Sentencia* emitida el 24 de octubre de 2025 por el Tribunal de Primera Instancia, Sala Superior de San Juan, (en adelante, TPI o foro primario) mediante la cual se desestimó la *Demanda* instada por este al amparo de la Regla 39.2 (a) de Procedimiento Civil, por alegado incumplimiento con las órdenes del Tribunal.

**I.**

El 5 de septiembre de 2023, el señor Rivera Vargas presentó una *Demanda*[1] por Despido Injustificado, Acoso, Hostigamiento Sexual y Discrimen en el empleo en contra de la Universidad de Puerto Rico (en adelante, UPR o apelada) y Aseguradora ABC y XYZ. En su escrito alega que

---

[1] Entrada núm. 1 del Sistema Unificado de Manejo y Administración de Casos (SUMAC) del TPI.

desde 2021 fue víctima de un patrón de hostigamiento sexual y que el 9 de noviembre de 2022 fue despedido de su empleo.

Los emplazamientos fueron expedidos y, el 10 de abril de 2024, la UPR presentó una *Contestación a la demanda y Moción de desestimación parcial al amparo de la Regla 10.2 de Procedimiento Civil*[2] y solicitó que se desestimara parcialmente la demanda en cuanto a la causal de Despido Injustificado, toda vez que el señor Rivera Vargas no había sido despedido, sino que había sido suspendido de empleo, pero no de sueldo.

En cumplimento con la *Orden*[3] del TPI, el 20 de mayo de 2024 la parte apelante presentó una *Moción para que se dicte sentencia parcial según las alegaciones*[4]. Indicó que lo expresado por la UPR en su escrito en cuanto a que el señor Rivera Vargas no había sido despedido de su empleo era correcto y solicitó se dictara sentencia parcial. No obstante, evaluados los escritos presentados, el TPI, mediante *Orden*[5] notificada el 21 de mayo de 2024, le concedió un término de diez (10) días a al señor Rivera Vargas para presentar una demanda enmendada a los efectos de corregir y conformar sus alegaciones en cuanto a la suspensión de empleo y no un despido injustificado.

Transcurrido el término concedido al apelante sin que este presentara su escrito, el 6 de junio de 2024, la UPR presentó una *Moción de desestimación al amparo de la Regla 39.2 de Procedimiento Civil*[6]. Adujo que el señor Rivera Vargas había incumplido con las órdenes del Tribunal, por lo que solicitó la desestimación de la demanda. El TPI le otorgó un término de veinte (20) días a la parte apelante para presentar su oposición.[7]

---

[2] Entrada núm. 13 del SUMAC del TPI.
[3] Entrada núm. 14 del SUMAC del TPI.
[4] Entrada núm. 17 del SUMAC del TPI.
[5] Entrada núm. 18 del SUMAC del TPI.
[6] Entrada núm. 19 del SUMAC del TPI.
[7] Entrada núm. 20 del SUMAC del TPI.

Posteriormente, el 17 de junio de 2024, el señor Rivera Vargas presentó una *Moción para enmendar las alegaciones a la demanda*[8] y el TPI, mediante *Orden*[9] del 18 de junio de 2024, le concedió dos (2) días para presentar la demanda enmendada. Pasado dicho término, el 2 de julio de 2024, el TPI notificó una nueva *Orden*[10] concediéndole al señor Rivera Vargas dos (2) días finales para someter la demanda enmendada, la cual fue presentada por la parte apelante el 8 de julio de 2024.[11]

El 26 de julio de 2024 la UPR presentó su *Contestación a Primera Demanda Enmendada*[12]. El TPI le concedió quince (15) días al señor Rivera Vargas para coordinar reunión con la otra parte e informar al Tribunal la fecha seleccionada entre las partes.

Pasado dicho término, el 9 de septiembre de 2024, la UPR presentó una *Moción reiterando solicitud de desestimación al amparo de la Regla 39.2 de Procedimiento Civil*[13] y mediante *Orden*[14] del 10 de septiembre de 2024 el TPI le concedió siete (7) días al señor Rivera Vargas para que mostrara causa por la cual no se le debía imponer sanciones económicas.

Luego, el 18 de septiembre de 2024 la UPR presentó una *Tercera Moción reiterando solicitud de desestimación al amparo de la Regla 39.2 de Procedimiento Civil*[15]. Esta vez el TPI, ante el incumplimiento, le impuso al señor Rivera Vargas una sanción de $200.00 y le concedió un término final de quince (15) días para cumplir con lo ordenado el 29 de julio de 2024 y el 10 de septiembre de 2024, también le apercibió sobre la desestimación en caso de un nuevo incumplimiento.[16] Además, ordenó a la secretaria a

---

[8] Entrada núm. 21 del SUMAC del TPI.
[9] Entrada núm. 22 del SUMAC del TPI.
[10] Entrada núm. 23 del SUMAC del TPI.
[11] Entradas núm. 24 y 26 del SUMAC del TPI.
[12] Entrada núm. 30 del SUMAC del TPI.
[13] Entrada núm. 32 del SUMAC del TPI.
[14] Entrada núm. 33 del SUMAC del TPI.
[15] Entrada núm. 34 del SUMAC del TPI.
[16] Entrada núm. 35 del SUMAC del TPI.

notificar dicho escrito a las partes a sus direcciones de récord y así se procedió.

El 4 de octubre de 2024 la parte apelante presentó una *Moción en cumplimiento de orden y reconsideración*[17] y, en esa misma fecha, el TPI emitió una *Orden*[18] en la que mantuvo la sanción reducida a $50.00 y le concedió diez (10) finales al señor Rivera Vargas para coordinar la reunión ordenada e informar al tribunal. En cuanto a la solicitud de desestimación presentada por la parte apelada, el TPI dispuso que, "[p]ara *que quede claro el récord, ante la presentación de la demanda enmendada, se declara Sin lugar la moción de desestimación sin perjuicio de presentarla contra la demanda enmendada.*" Ese día, la UPR presentó una *Oposición a reconsideración de la parte demandante*[19].

Luego de varios trámites, el 4 de febrero de 2025 se llevó a cabo la *Conferencia Inicial* a la cual no compareció el señor Rivera Vargas, ni su representante legal.[20] Ante ello, el TPI le impuso una sanción de $50.00 al licenciado Álvarez Castro, representante legal del señor Rivera Vargas, y ordenó a la secretaria a notificarle la minuta a dicho abogado. Sin embargo, la sanción fue dejada sin efecto mediante *Orden*[21] del TPI del 5 de febrero de 2025.

Celebrada la *Conferencia con Antelación a Juicio* el 11 de agosto de 2025, ni el señor Rivera Vargas ni su abogado comparecieron a la vista.[22] En consecuencia, el TPI, entre otras cosas, impuso una sanción de $2,500.00 al licenciado Álvarez Castro y le concedió un término de diez (10) para exponer las razones por la cuales no se debía desestimar el caso ante el incumplimiento con las órdenes del Tribunal, toda vez que habían sido constantes. Asimismo, el foro primario ordenó a la secretaria a notificar la

---

[17] Entrada núm. 37 del SUMAC del TPI.
[18] Entrada núm. 38 del SUMAC del TPI.
[19] Entrada núm. 39 del SUMAC del TPI.
[20] Entrada núm. 51 del SUMAC del TPI.
[21] Entrada núm. 50 del SUMAC del TPI.
[22] Entrada núm. 60 del SUMAC del TPI.

minuta de la vista al señor Rivera Vargas y a su abogado, el licenciado Álvarez Castro. No obstante, surge de la notificación de la minuta que la misma fue notificada solo a los abogados de récord y no fue incluido el señor Rivera Vargas.

Ante una *Moción de Reconsideración*[23] presentada por el licenciado Álvarez Castro, el 29 de agosto de 2025 el TPI redujo la sanción impuesta a $1,000.00 y le concedió cinco (5) días para el pago de esta.[24]

El 8 de septiembre de 2025, la UPR presentó una nueva *Moción reiterando la solicitud de desestimación al amparo de Regla 39.2 de las Reglas de Procedimiento Civil*[25]. Ese mismo día el señor Rivera Vargas solicitó una prórroga para cumplir con lo ordenado el 29 de agosto de 2025[26] y al día siguiente presentó una *Moción de reconsideración al amparo de la Regla 47 de Procedimiento Civil*[27], la cual fue declarada No Ha Lugar por el TPI.[28]

El 15 de septiembre de 2025, el señor Rivera Vargas radicó su *Oposición a moción de desestimación al amparo de Regla 39.2 y en cumplimiento de orden*[29] y la UPR presentó su réplica el 22 de septiembre de 2025.[30] El TPI no admitió ningún otro escrito relacionado a la solicitud de desestimación y, luego de evaluar los escritos de las partes, el 24 de octubre de 2025 emitió *Sentencia* en la que declaró Ha Lugar la solicitud de la UPR y ordenó la desestimación y el archivo de la demanda presentada al amparo de la Regla 39.2 (a) de Procedimiento Civil.

Inconforme con ello, el 24 de noviembre de 2025, el señor Rivera Vargas presentó el recurso de epígrafe en el que señala la comisión de los siguientes errores:

1. **ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DESESTIMAR LA DEMANDA AL AMPARO DE LA REGLA**

---

[23] Entrada núm. 63 del SUMAC del TPI.
[24] Entrada núm. 64 del SUMAC del TPI.
[25] Entrada núm. 65 del SUMAC del TPI.
[26] Entrada núm. 66 del SUMAC del TPI.
[27] Entrada núm. 69 del SUMAC del TPI.
[28] Entrada núm. 70 del SUMAC del TPI.
[29] Entrada núm. 71 del SUMAC del TPI.
[30] Entrada núm. 73 del SUMAC del TPI.

**39.2(A), SUPRA, DE PROCEDIMIENTO CIVIL, AL CONCLUIR QUE SE CONFIGURÓ UN CUADRO DE "ABANDONO TOTAL", "REITERADO INCUMPLIMIENTO" Y "DESINTERÉS" POR PARTE DEL DEMANDANTE, CUANDO EL RÉCORD DEMUESTRA ACTIVIDAD PROCESAL SUSTANTIVA, CORRECCIÓN DE LOS INCUMPLIMIENTOS, PAGO DE TODAS LAS SANCIONES IMPUESTAS Y SEÑALAMIENTO DE JUICIO EN SU FONDO.**

2. **ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DETERMINAR QUE LAS SANCIONES MENOS SEVERAS PREVISTAS EN LA REGLA 39.2(A), SUPRA, HABÍAN RESULTADO INEFICACES Y AL IMPONER LA SANCIÓN EXTREMA DE LA DESESTIMACIÓN CON PERJUICIO POR REITERADO INCUMPLIMIENTO, SIN EXPLICAR POR QUÉ SANCIONES ADICIONALES, ÓRDENES PROBATORIAS ESTRICTAS O EL MANTENIMIENTO DEL SEÑALAMIENTO DE JUICIO YA PAUTADO NO ERAN REMEDIOS SUFICIENTES Y ADECUADOS.**

3. **ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL NO PONDERAR ADECUADAMENTE EL PRINCIPIO DE QUE LOS CASOS DEBEN DECIDIRSE EN SUS MÉRITOS, AL NO VALORAR EL PERJUICIO REAL A LA PARTE DEMANDADA NI LA CONDUCTA PROCESAL DE LA UPR (INCLUYENDO SUS PROPIOS RETRASOS EN EL DESCUBRIMIENTO DE PRUEBA Y EN LA ELABORACIÓN DE INFORMES), Y AL UTILIZAR COMO FUNDAMENTO PARA LA DESESTIMACIÓN INCUMPLIMIENTOS YA SANCIONADOS, SUBSANADOS O EXPRESAMENTE EXCUSADOS POR EL PROPIO FORO, TODO ELLO EN CONTRAVENCIÓN DE LA DOCTRINA DESARROLLADA EN MUNICIPIO DE ARECIBO V. ALMACENES YAKIMA DEL ATLÁNTICO, INC., 2001 TSPR 79, GÓMEZ HIDALGO V. RIVERA ROSARIO, KLAN202200939 (TCA, 30 DE ENERO DE 2023) Y RIVERA V. ÁNGELES DIVINOS HOME HEALTH CARE SERVICES, KLCE202200321 (TCA, 10 DE MAYO DE 2022).**

El 29 de diciembre de 2025 la parte apelada presentó su *Alegato en oposición a recurso de apelación*.

Con el beneficio de la comparecencia de las partes, procedemos a resolver.

## II.

Nuestro ordenamiento jurídico reconoce como política pública que los casos se ventilen en sus méritos. *VS PR, LLC v. Drift-Wind*, 207 DPR 253, 264 (2021); *Mercado Figueroa v. Mun. de San Juan*, 192 DPR 279, 287-288 (2015).

Esta política responde al interés de garantizar a las partes su día en corte y asegurar una administración de justicia justa, rápida y económica. Regla 1 de Procedimiento Civil, 32 LPRA Ap. V, R. 1; *Dávila v. Hosp. San Miguel, Inc.*, 117 DPR 807, 814 (1986); *Maldonado v. Srio. Rec. Naturales*, 113 DPR 494, 497 (1982). Cónsono con ello, nuestro ordenamiento civil exige a todas las partes el deber de actuar con diligencia durante la tramitación de los pleitos, confiriéndole al tribunal la potestad para sancionar de diversas formas a las partes litigantes que dilaten los procedimientos de forma innecesaria. *Sánchez Rodríguez v. Adm. De Corrección*, 177 DPR 714, 719-720 (2009).

Bajo la Regla 39.2 (a) de Procedimiento Civil, 32 LPRA Ap. V, R. 39.2(a), se permite que los tribunales utilicen la desestimación de una reclamación como un mecanismo para sancionar la dejadez o inacción del litigante, siempre que se cumplan con las normas allí establecidas. La desestimación de una causa de acción ha sido caracterizada reiteradamente por nuestro Máximo Foro como "la sanción máxima, la pena de muerte procesal, contra una parte". *VS PR, LLC v. Drift-Wind, supra*, pág. 264, citando a R. Hernández Colón, *Práctica jurídica de Puerto Rico: Derecho Procesal Civil*, 6ta ed., San Juan, Ed. LexisNexis, 2017, pág. 250; *Mun. de Arecibo v. Almac. Yakima*, 154 DPR 217, 224-225 (2001). Por tal razón, aunque los tribunales ostentan la facultad de desestimar pleitos con perjuicio, dicho poder discrecional debe ejercerse de manera juiciosa y apropiada. *Maldonado v. Srio. de Rec. Naturales*, supra, pág. 498 (1982).

A tales efectos, la Regla 39.2(a) de Procedimiento Civil establece un orden de prelación que el tribunal debe observar antes de recurrir a la desestimación como sanción. En lo pertinente dispone:

> (a) Si el demandante deja de cumplir con estas reglas o con cualquier orden del tribunal, el tribunal a iniciativa propia o a solicitud del demandado podrá decretar la desestimación del pleito o de cualquier reclamación contra él, o la eliminación de las alegaciones, según corresponda.

Cuando se trate de un primer incumplimiento, la severa sanción de la desestimación de la demanda o la eliminación de las alegaciones tan sólo procederá después que el tribunal, en primer término, haya apercibido al abogado o abogada de la parte de la situación y se le haya concedido la oportunidad para responder. **Si el abogado o abogada de la parte no responde a tal apercibimiento**, el tribunal procederá a imponer sanciones al abogado o la abogada de la parte y **se notificará directamente a la parte sobre la situación. Luego de que la parte haya sido debidamente informada o apercibida de la situación y de las consecuencias que pueda tener el que ésta no sea corregida, el tribunal podrá ordenar la desestimación del pleito o la eliminación de las alegaciones.** El tribunal concederá a la parte un término de tiempo razonable para corregir la situación, que en ningún caso será menor de treinta (30) días, a menos que las circunstancias del caso justifiquen que se reduzca el término. 32 LPRA Ap. V, R. 39.2(a). (Énfasis nuestro).

Conforme a dicha regla, ante un primer incumplimiento con las reglas procesales o con una orden del tribunal, la desestimación solo procede luego de que el foro haya apercibido a la representación legal y le haya concedido la oportunidad de responder. De persistir el incumplimiento, corresponde imponer sanciones al abogado o abogada y notificar directamente a la parte sobre la situación y las consecuencias de no corregirla. *Mitsubishi Motor v. Lunor y otros*, 212 DPR 807, 820 (2023); *HRS Erase v. CMT*, 205 DPR 689, 705-706 (2020).

La jurisprudencia ha reiterado que este trámite tiene como finalidad permitir que la parte conozca el incumplimiento de su representación legal y pueda actuar oportunamente para salvaguardar su derecho a que el caso se adjudique en los méritos. *HRS Erase v. CMT, supra*, págs. 702 y 706; *Mun. de Arecibo v. Almac. Yakima, supra; Maldonado v. Srio. de Rec. Naturales, supra.* Solo luego de apercibir debidamente a la parte sobre las consecuencias de un incumplimiento reiterado, el tribunal puede recurrir a la sanción de la desestimación. *HRS Erase v. CMT*, supra, pág. 708, citando a *Maldonado v. Srio. de Rec. Naturales, supra.*

Asimismo, nuestro Tribunal Supremo ha resuelto que la desestimación como sanción, "debe prevalecer únicamente en situaciones extremas en las cuales haya quedado demostrado de manera clara e inequívoca la

desatención y el abandono total de la parte con interés" y "después que otras sanciones hayan probado ser ineficaces en el orden de administrar justicia y, en todo caso, no debería procederse a ella sin un previo apercibimiento". *Mun. de Arecibo v. Almac. Yakima, supra,* pág. 222, citando a *Ramírez de Arellano v. Srio. de Hacienda,* 85 DPR 823, 829–830 (1962).

Por ello, nuestro ordenamiento favorece que, ante incumplimientos procesales, los tribunales agoten primero la imposición de sanciones económicas, particularmente dirigidas a la representación legal, antes de recurrir a la desestimación del pleito. *Mejías v. Carrasquillo,* 185 DPR 288, 297 (2012). A esos efectos, la Regla 44.2 de Procedimiento Civil faculta al tribunal a imponer sanciones económicas a las partes o a su representación legal por actos de demora, inacción, abandono u obstrucción que perjudiquen la eficiente administración de la justicia. 32 LPRA Ap. V, R. 44.2.

Ahora bien, al momento de ejercer su facultad sancionadora, el tribunal debe realizar un balance entre los intereses envueltos. *Mun. de Arecibo v. Almac. Yakima, supra,* pág. 223; *Banco Popular v. SLG Negrón,* 164 DPR 855, 864 (2005); *Echevarría Jiménez v. Sucn. Pérez Meris,* 123 DPR 664, 674 (1989). Esto es, por un lado, la necesidad del tribunal de supervisar su calendario, el interés público en la resolución expedita de los casos y el riesgo de perjuicio al demandado por la dilación y, por el otro lado, la política judicial de que los casos se ventilen en sus méritos. *Mun. de Arecibo v. Almac. Yakima, supra.* Por tanto, ante la ausencia de un perjuicio verdadero con la dilación, sería irrazonable ordenar el archivo del caso. *Id.*

En síntesis, aunque los tribunales poseen amplia discreción para sancionar conductas procesales indebidas, la desestimación de un pleito constituye un remedio de último recurso, reservado para aquellos casos extremos en los que, tras apercibimientos claros y correctos y la imposición de sanciones menos severas, persiste una conducta que demuestre abandono o desinterés y haga imposible la continuación ordenada del proceso judicial.

*Arce v. Club Gallístico de San Juan,* 105 DPR 305, 307 (1976); *Acevedo v. Compañía Telefónica de PR,* 102 DPR 787, 791 (1974).

A su vez, es preciso reiterar que, **únicamente procederá la desestimación si la parte ha sido informada y notificada de la situación y de las consecuencias de la inactividad**. *Mun. de Arecibo v. Almac. Yakima, supra*; *Maldonado v. Srio. de Rec. Naturales, supra*. (Énfasis nuestro). Así, lo establece expresamente la Regla 39.2 (a) de Procedimiento Civil, *supra*, y su jurisprudencia interpretativa.

**III.**

En su recurso el apelante sostiene que el TPI erró al desestimar la demanda al amparo de la Regla 39.2(a) de Procedimiento Civil al concluir que se configuró un cuadro de abandono total, reiterado incumplimiento y desinterés, pese a que el expediente refleja actividad procesal sustantiva y corrección de incumplimientos; al imponer la sanción extrema de la desestimación sin explicar por qué las sanciones menos severas resultaron ineficaces; y al no ponderar adecuadamente la política pública que favorece la adjudicación de los casos en sus méritos, particularmente ante la ausencia de un perjuicio real a la parte demandada y la falta de un apercibimiento directo y adecuado a la parte demandante.

Del examen del expediente surge que el presente caso estuvo marcado por múltiples incidencias procesales relacionadas con el incumplimiento de órdenes del TPI, retrasos en la presentación de escritos y la incomparecencia del señor Rivera Vargas y de su representación legal a varias vistas señaladas. Como consecuencia de ello, el foro primario impuso sanciones económicas y emitió diversas órdenes dirigidas a continuar el trámite del litigio. No obstante, del propio récord también surge que la parte apelante compareció en distintas etapas del proceso, corrigió incumplimientos previamente señalados, presentó su demanda enmendada conforme fue ordenado, pagó las sanciones económicas impuestas y el pleito avanzó hasta la celebración

de la *Conferencia con Antelación a Juicio*, llegando incluso a contar con un señalamiento de juicio en su fondo.[31] Sin embargo, tras una nueva solicitud de desestimación de la parte apelada, el foro primario desestimó la demanda al amparo de la Regla 39.2 (a) de Procedimiento Civil, *supra.*

A la luz del marco jurídico aplicable y del tracto procesal antes reseñado, concluimos que, si bien es cierto que el expediente evidencia múltiples incumplimientos con órdenes del foro primario, estos no alcanzan el grado requerido para justificar la imposición de la sanción máxima de la desestimación con perjuicio. La conducta procesal del señor Rivera Vargas y de su representación legal fue, sin duda, deficiente en diversas etapas del litigio. Sin embargo, del récord no surge un abandono total del pleito ni un desinterés absoluto que hiciera imposible la continuación ordenada del proceso judicial. Por el contrario, como ya señalamos, consta que la parte apelante corrigió incumplimientos, compareció mediante escritos, pagó las sanciones económicas impuestas y el caso avanzó hasta contar con un señalamiento de juicio en su fondo.

Más aún, resulta determinante que el expediente no demuestra que el TPI haya cumplido cabalmente con el esquema dispuesto en la Regla 39.2(a) de Procedimiento Civil, *supra*, particularmente en lo relativo a la notificación y el apercibimiento directo a la parte, ya que del expediente surge que lo resuelto por el TPI en la *Conferencia con Antelación a Juicio* no fue notificado al apelante. Es decir, pese a que el juez ordenó la notificación al señor Rivera Vargas sobre la sanción impuesta al licenciado Álvarez Castro y la orden para exponer las razones por la cuales no se debía desestimar el caso ante el incumplimiento con las órdenes previas del TPI, de la notificación surge que solo se notificó la *Minuta* a los abogados de ambas partes.

Esa omisión resulta incompatible con el propósito de la Regla 39.2(a) y con la normativa jurisprudencial antes discutida que exige que, antes de

---

[31] Entrada núm. 60 del SUMAC del TPI.

recurrir a la "pena de muerte procesal", la parte sea debidamente informada de la conducta procesal imputada a su abogado y apercibida de las consecuencias de persistir el incumplimiento. *Mun. de Arecibo v. Almac. Yakima, supra*; *Maldonado v. Srio. de Rec. Naturales*, *supra*. La ausencia de ese apercibimiento directo priva a la parte de la oportunidad real de intervenir oportunamente para salvaguardar su derecho a que la controversia sea adjudicada en sus méritos. Véase *HRS Erase v. CMT*, *supra*, págs. 702 y 706; *Mun. de Arecibo v. Almac. Yakima, supra*; *Maldonado v. Srio. de Rec. Naturales, supra.*

Asimismo, observamos que el foro primario fundamentó la desestimación, en parte, en incumplimientos que ya habían sido objeto de sanciones económicas, habían sido corregidos o respecto de los cuales se concedieron prórrogas o reconsideraciones, sin embargo, no se cercioró que la parte fuere notificada de los incumplimientos por parte de su representante legal y de las consecuencias de estos.

En estas circunstancias, entendemos que el TPI cometió un error al imponer la sanción extrema de la desestimación con perjuicio sin que se cumplieran los requisitos reglamentarios y jurisprudenciales aplicables. La política judicial que favorece la adjudicación de los casos en sus méritos, unida a la ausencia de un apercibimiento directo y adecuado a la parte con la última sanción impuesta a su abogado y a la falta de un cuadro claro de abandono total, no permite sostener la determinación del foro primario.

En consecuencia, procede revocar la *Sentencia* apelada y devolver el caso al TPI para la continuación de los procedimientos conforme a lo aquí resuelto.

Sin perjuicio de lo aquí resuelto, en la continuación de los procedimientos, corresponderá al foro primario evaluar la conducta profesional del abogado de la parte apelante a la luz de los reiterados incumplimientos reflejados en el tracto procesal y, de estimarlo procedente,

considerar la imposición de otras medidas correctivas, incluida la descalificación de la representación legal del señor Rivera Vargas, conforme lo permite la Regla 9.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 9.3 y su jurisprudencia interpretativa. Véase *Job Connection Center v. Sups. Econo*, 185 DPR 585, 596 (2012); *Meléndez v. Caribbean Int'l. News*, 151 DPR 649, 661 (2000). Después de todo, la conducta de la representación legal del señor Rivera Torres ha sido un obstáculo para la adecuada administración de la justicia en perjuicio de su propio cliente, quien es la parte que mayor interés posee en que el caso se ventile de una manera rápida. Los continuos retrasos en el cumplimiento de las órdenes del juzgador infringen sus deberes hacia el tribunal y sus compañeros abogados. Pero como adelantamos no podemos penalizar a una parte que esta ajena a los actos de quien le representa con la muerte de su reclamación.

**IV.**

Por los fundamentos que anteceden, se revoca el dictamen apelado y se devuelve el caso al foro primario para la continuación de los procedimientos conforme a lo aquí resuelto.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones